

Justin A. Guilfoyle, Esq.
(212) 915-5726 (direct)
Justin.Guilfoyle@wilsonelser.com

June 22, 2018

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     ***Drasko Draskovic, et al v. Oneota Associates, LLC, et al***
        Docket No.: 17-cv-5085 (ARR) (JO)

Dear Judge Orenstein:

We represent defendants Oneota Associates, LLC ("Oneota"), Paro Management Co., Inc. ("Paro"), Ronald Swartz and Steven Swartz in the referenced matter. Pursuant to Your Honor's Individual Rule IV.A. and Order dated June 21, 2018, we hereby respond to plaintiffs' Drasko Draskovic ("Plaintiff Drasko") and Radojka Draskovic ("Plaintiff Rada") letter motion seeking an order compelling Defendants to produce responses to certain post-deposition discovery demands. Defendants also write to seek relief from the Court in requiring Plaintiffs to respond to Defendants' post-deposition discovery demands for tax documents they have not produced. Defendants aver that they have satisfied their discovery obligations based upon their responses to specific demands, as well as their tailored objections to certain overly broad and premature discovery requests, and that Plaintiffs' demands at issue are not relevant to the instant litigation.[1]

The parties had a telephonic meet and confer on June 19, 2018 to discuss perceived deficiencies in the parties' respective responses to post-deposition discovery requests. During the discussion, Plaintiff's counsel continuously clarified and/or modified his discovery demands, often to reference and incorporate information purportedly elicited at various depositions, to the point where counsels for Defendants suggested that Plaintiffs' actual demands be re-drafted/amended to reflect such clarification/modifications. It appears that Plaintiffs' counsel has rejected Defendants' proposal that he redraft the discovery demands at issue so the information and documents sought are clearly identifiable and properly limited in both time and scope.

Meanwhile, Plaintiffs have still not produced various tax filing documents requested by Defendants, which are clearly relevant to Plaintiffs' claims. Plaintiffs produced several of the requested tax related documents in their initial document production, yet counsel for Plaintiffs now claims they are not "in possession" of such documents for tax quarters subsequent to the initial document production. This is the subject of Defendants' request for compliance.

---

[1] Defendants note that Plaintiffs' discovery responses and production (consisting of objections to every request and a single page of production) were served only 3 days prior to Defendants' service of their responses.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**



### *Plaintiffs' Request for Maintenance Contracts*

Plaintiffs' request No. 4 states: "*All maintenance contracts for outside providers to Defendant Oneota including with any of the entities owned or operated by Defendant Ron and/or Steve Swartz.*" Defendants object on the grounds that this request is vague, ambiguous, unduly burdensome, as it is not restricted to a relevant time period, unintelligible, and disproportionate in contravention of FRCP 26(b)(1). Defendants explained to counsel that this request appears to seek maintenance contracts relating to any entities owned or operated by Defendant Ron or Steve Swartz, regardless of whether they were at all involved with Plaintiff Drasko's employment. During the meet and confer, Defendants requested that Plaintiffs tailor the request to the specific contracts they are seeking relating to Plaintiff Drasko's employment at the subject building and for a specific period of time.  To the extent that Plaintiffs' request is seeking maintenance contracts during the relevant statutory time period relating to maintenance services provided by outside contractors at the subject building, Defendants will undertake a search for responsive documents to this recently tailored request and will provide their response and any responsive documents.

### *Plaintiffs' Request for Contracts between the Corporate Defendants*

Plaintiffs' request number 22 states: "*Any and all contracts between or with the corporate Defendants as parties.*" Defendants object to this request on the grounds that it is vague, ambiguous, unduly burdensome, not restricted to a time period, and unintelligible.  Further, during the parties' meet and confer in response to Defendants' inquiry as to what it was actually seeking, Plaintiffs' counsel stated he was seeking contracts between Oneota and Paro from 2011 through 2017 relating to Plaintiff Drasko's employment at the building. Based on counsel's June 19, 2018 modification, Defendants will undertake a search for responsive documents and will provide their response and any responsive documents. To the extent Plaintiffs' counsel is now reverting back to his original demand, Defendants respectfully reinstate their objections to the same.

### *Plaintiffs' Request for Oneota's Yearly Income*

Plaintiffs' request number 32 states: "*Provide records showing the yearly income for Defendant Oneota from 2011 until the present.*"  Defendants object to this request on the basis of, *inter alia*, that the request is not restricted to Plaintiffs' claims and/or the defenses asserted thereto, unintelligible as it fails to define "yearly income", and is premature. During the parties' meet and confer, Plaintiffs' counsel clarified that such documents must be turned over now simply because Plaintiff Drasko seeks punitive damages for his NYLL unlawful retaliation claim. Counsel is incorrect and was advised of same.  Merely seeking punitive damages does not entitle Plaintiffs to Oneota's private financial information at this juncture. *See, e.g.*, *Agudas Chasidei Chabad of U.S. v. Gourary*, 1989 WL 38341 (Apr. 12, 1989) ("The rule in New York is that evidence of [a] defendant's wealth [can] not be brought out upon trial unless and until the jury [brings] in a special verdict that plaintiff is entitled to punitive damages against defendant.") (internal quotations and citation omitted); *Davis v. Ross*, 107 F.R.D. 326, 327 (S.D.N.Y. 1985) ("Discovery of defendant's net wealth will become necessary only in the event plaintiff obtains [ ] a special verdict [as to punitive damages]."; *Tyco Int'l Ltd. v. Walsh*, 2010 WL 3000179, *1 (S.D.N.Y. July 30, 2010) ("A defendant's net worth is only relevant if there is a finding that punitive damages should be awarded."). Accordingly, Defendants respectfully reiterate their objections and submit that disclosure of any of Oneota's financial records at this pre-trial stage is premature.

### *Plaintiffs' Request for a List of Defendant Paro' Employees*

Plaintiffs' request number 2 states: "*Provide a list of employees who are employed by Defendant*

*Paro.*" Despite not restricting this request to any time period and also requesting that Defendants create a document in order to respond to the request as no such list currently exists, Defendants objected but provided Plaintiffs with the number of Paro employees at any time during the relevant 6-year statutory period, *i.e.*, four to seven employees. Based upon Plaintiffs' counsel's representation as to why this information was requested during the Parties' meet and confer – in order to demonstrate the total number of Oneota and Paro employees when combined would be 11 or more – counsel has all the information needed to make that determination. Having the number of employees serves the same purpose as having their names. Additionally, no further information should be required because even if Plaintiffs were to combine all Oneota and Paro employees during any the relevant statutory period, that number does not meet the 11 employee threshold for the "large employer" designation under the Building Service Industry Wage Order.  Accordingly, Defendants respectfully submit that they have fully satisfied their obligation for this request.

### Production of DDF Painting Inc.'s and Plaintiff Drasko's Tax Filings and Returns

Defendants respectfully request that the Court order Plaintiffs to provide responsive documents to a post-deposition discovery request to Plaintiffs (to which Plaintiffs responded on June 12, 2018 – just three days prior to Defendants' responses).  Defendants' request sought: "*Complete tax returns for DDF Painting Inc from 2011 through the present.*"  Plaintiffs objected to this request without providing any responsive documents. Previously however, counsel produced purported DDF Painting tax documents for several quarters throughout the relevant statutory period, *i.e.*, for 2011; 2012; 2013; 2014 Quarter ("Q") 1, 3, 4; 2015 Q3, 4; 2016 Q2, 3; and 2017 Q1. Plaintiffs' counsel now claims that Plaintiffs are simply not "in possession" of any additional tax filings in the quarters subsequent to their initial document production in mid-2017. Filings for the following have **not** been provided: 2014 Q2; 2015 Q1, Q2;  2016 Q1, Q4; 2017 Q2 to the present.

Plaintiff Drasko confirmed that he operated DDF Painting, a domestic corporation, as its President throughout the relevant statutory period and to the present. Plaintiff Drasko testified at that in less than 4 months, DDF Painting earned in excess of $100,000 for fiscal year 2018.  These tax filings are necessary to Defendants' defense as to Plaintiff Drasko's claims for back pay and front pay damages. The significant income generated by DDF Painting in little over three months highlights the need and relevance of these documents.  Further, the information is particularly relevant when cross referenced with Plaintiff Drasko's claim that he worked a significant amount of overtime for Defendants and was not a part-time employee as alleged.  Accordingly, Defendants request that the Court order Plaintiffs to produce **all** DDF Painting tax filings and returns from 2011 through the present, as they are relevant and highly probative of Plaintiff Drasko's purported damages, as well as IRS authorizations for the same.  Plaintiffs' position that they are not in Plaintiff Drasko's "possession" because they would have been prepared at and filed by Plaintiff Drasko's tax preparation service is wholly without merit. These documents are clearly within Plaintiff Drako's possession, custody and/or control and should be produced forthwith.

Finally, Defendants also requested that Plaintiffs "*Provide complete individual tax returns for Plaintiff Drasko from 2011 through the present.*" In response, Plaintiffs simply objected stating that "these documents are not relevant and will not lead to the discovery of relevant information." However, these tax returns are relevant for the same reasons that DDF Painting's tax documents are, *i.e.*, they go directly to Plaintiff Drasko's claimed damages for back and front pay.  Without these documents, Defendants are unable to mount their defense as to Plaintiff Drasko's claimed damages relating to his NYLL retaliation claim. Accordingly, Plaintiff should be directed to produce these records as well as corresponding IRS authorizations for the release of the same.

9099700v.3



- 4 -

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*Justin A. Guilfoyle*

Nancy V. Wright
Justin A. Guilfoyle

cc:   Jesse C. Rose, Esq. (*via* ECF)